Dear Judge Conque:
You requested an opinion concerning the application of C.C.P. Art. 1434 to court reporters. C.C.P. Art. reads in part:
 Art. 1434. Person before whom deposition taken
 A. (1) A deposition shall be taken before an officer authorized to administer oaths, who is not an employee or attorney of any of the parties or otherwise interested in the outcome of the case.
 (2) For purpose of this Article, an employee includes a person who has contractual relationship with a party litigant to provide shorthand reporting or other court reporting services and also includes a person employed part or full time under contract or otherwise by a person who has a contractual relationship with a party litigant to provide shorthand reporting or other court reporting services. A party litigant does not include federal, state, or local governments, and the subdivisions thereof, or parties in proper person.
In order to fully appreciate the intent of the legislature, one must look at the history of this Article. As enacted in 1976 that statute read:
 Art. 1434. Person before whom deposition taken
 A deposition shall be taken before an officer authorized to administer oaths, who is not an employee or attorney of any of the parties or otherwise interested in the outcome of the case.
By Act 842 of 1990, the legislature amended Art. 1434 to add a definition of "officer":
 Art. 1434. Person before whom deposition taken
 A. A deposition shall be taken before an officer authorized to administer oaths, who is not an employee or attorney of any of the parties or otherwise interested in the outcome of the case.
 B. "Officer" as used in this Article means a certified shorthand or general reporter currently holding a valid certificate issued by the Board of Examiners of Certified Shorthand Reporters pursuant to the provisions of R. S. 37:2551 et seq. and an official court reporter, and a deputy official court reporter, as defined in R. S. 37:2555(b)(1) and (2).
Finally, in 1995 by Act 1145, the legislature further restricted who could take a deposition by expanding "employee" to include any reporter who has a contractual relationship with a party litigant.
If a court reporter has entered into a contract for services with a party litigant and is in fact, taking depositions under that arrangement, then the reporter is in violation of C.C.P. Art. 1434(A)(1),(2). It is incumbent upon the board to begin disciplinary proceedings under R. S. 46:701 or ask for an injunction under R. S. 46:719.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ WARREN PONDER Assistant Attorney General
RPI/WP/lrs